O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS FLOYD BRISSETTE, SR., | ) | CASE NO. CV 17-7964-JGB (PJW) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING HABEAS CORPUS |
| | ) | PETITION AND DENYING CERTIFICATE |
| v. | ) | OF APPEALABILITY |
| | ) | |
| DEBBIE ASUNCION, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which Petitioner raises two claims: (1) his 1985 conviction in Los Angeles County Superior Court for second degree murder was the result of a guilty plea that Petitioner wanted to withdraw but was prevented from withdrawing; and (2) his recently-obtained rap sheet indicates that Petitioner has been held in custody under a parole violation since 2000, contrary to the terms of his plea agreement. (Petition at 3-4 and attached pages.) For the following reasons, the Petition is dismissed without prejudice.

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). In doing so, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can

dismiss the petition at the outset. *See* Rule 4, Rules Governing § 2254 Cases.

Petitioner's first claim, challenging his plea agreement, is barred as an unauthorized second or successive claim. In January 2003, this court dismissed as untimely a petition filed by Petitioner challenging the propriety of his 1985 plea agreement. (*Brissette v. McGrath*, CV 01-6682-GLT (PJW), January 17, 2003 Order Accepting Report and Recommendation of United States Magistrate Judge.) Petitioner attempted to appeal that ruling, but his application for a certificate of appealability was denied. (*Brissette v. McGrath*, CCA No. 03-55624, June 20, 2003 Order.)

A petition that is dismissed for untimeliness "presents a 'permanent and incurable' bar to federal review of the underlying claims" and renders a subsequent petition second or successive. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Absent an order from the Ninth Circuit, Petitioner may not bring another petition challenging his 1985 conviction and sentence in this court. *See* 28 U.S.C. § 2244(b)(1),(3)(A).

As for Petitioner's second claim, it appears to be unexhausted. As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless a petitioner has first exhausted his state remedies by presenting his claims to the highest court of the state. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). Petitioner filed a habeas petition in the California Court of Appeal, which was denied on June 29, 2017 (Case No. B282983). A review of the California appellate court website, at appellatecases.courtinfo.ca.gov, reveals, however,

that Petitioner has not filed a petition in the California Supreme Court since December 2010 (Case No. S189235), which means he has never presented the instant claim to the state supreme court. Furthermore, because Petitioner's plea bargain claim is barred as second or successive, the Petition as a whole is unexhausted and subject to dismissal. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its ruling, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: November 21, 2017.

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE